**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ATINA KNOWLES | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| TEMPLE UNIVERSITY | : | NO.  20-3513 |

## <u>MEMORANDUM</u>

CAROL SANDRA MOORE WELLS
UNITED STATES MAGISTRATE JUDGE                    December 3, 2020

## I.      BACKGROUND

On July 17, 2020, Defendant, Temple University, removed this case from Philadelphia County to this district court.  Plaintiff, a former graduate student at Temple, sued because she believed that, in the course of dismissing her from the graduate program in philosophy, Temple violated her state and federal rights.  Temple initially moved to dismiss Plaintiff's state law claims and, since Plaintiff did not oppose the motion, the court granted it, on August 18, 2020.  Next, Plaintiff moved to amend her complaint to add constitutional and state law claims against three professors at Temple and a constitutional law claim against Temple's Board of Trustees.  Temple opposes amending the complaint to add these four counts, on the ground that they are futile.

The pleadings reveal that Plaintiff was removed from Temple's graduate program in philosophy because she twice failed her first set of preliminary exams.  However, in her amended complaint, Plaintiff asserts that the decisions to fail her were not based upon the merits of her work, but, instead, upon certain professors' dislike of her and/or her political views.  Temple counters that the decisions to fail Plaintiff twice were based upon her work, not her political views.  It also maintains that this court must defer to its academic judgment concerning the merit of Plaintiff's work, hence, her first three proposed counts, all of which challenge Temple's academic

judgment, are futile. Temple maintains that Plaintiff's fourth proposed count, which alleges a constitutional claim against Temple's trustees, is futile, because Plaintiff fails to allege the requisite personal involvement of each trustee. This court concludes that Plaintiff's proposed amendments are futile.

## II.      STANDARD FOR AMENDING COMPLAINTS

Once 21 days elapse from the filing of the Complaint, that pleading may be amended only with the written consent of the opposing party or leave of court. Fed. R. Civ. P. 15(a)(2). Leave to amend should be allowed freely by the court, when justice so requires. *Id.* However, undue delay, bad faith, dilatory motive, prejudice or futility will result in denial of leave to amend. *Spartan Concrete Products. LLC v. Argos USVI, Corp.*, 929 F.3d 107, 115 (3d Cir. 2019) (citations omitted). A proposed amendment that would not survive a motion to dismiss for failure to state a claim is futile and will not be allowed. *Budhun v. Reading Hosp. & Medical Center*, 765 F.3d 245, 259 (3d Cir. 2014) (citation omitted).

## III.     MOTION TO DISMISS STANDARD

The Third Circuit has clearly set forth Fed. R. Civ. P. 12(b)(6) evaluative criteria:

> For purposes of reviewing a motion to dismiss under Rule 12(b)(6), we are "required to accept as true all allegations in the complaint and all reasonable inferences that can be drawn from them after construing them in the light most favorable to the nonmovant." *Foglia v. Renal Ventures Mgmt., LLC*, 754 F.3d 153, 154 n. 1 (3d Cir. 2014) (quotation marks and citation omitted). However, we disregard legal conclusions and recitals of the elements of a cause of action supported by mere conclusory statements. *Santiago v. Warminster Twp.*, 629 F.3d 121, 128 (3d Cir. 2010) (citation omitted). "In deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010).

*Davis v. Wells Fargo*, 824 F.3d 333, 341 (3d Cir. 2016). The court must determine if Plaintiff's

claims are facially plausible, *i.e.*, the plaintiff has pleaded sufficient facts to allow the court to draw the reasonable inference that the defendant is liable on the basis alleged. *Mammana v. Federal Bureau of Prisons*, 934 F.3d 368, 372 (3d Cir. 2019) (citations omitted).

## IV.   DISCUSSION

### A.   Proposed Counts IV to VI are Futile due to Judicial Deference

Proposed Count IV alleges that three professors[1] violated Plaintiff's free speech and due process rights; Proposed Count V alleges that these professors violated her equal protection rights. Proposed Count VI alleges that these professors engaged in a civil conspiracy, in violation of state law. Although Plaintiff couches her claims in terms of federal and state law violations, all three proposed counts challenge the academic judgment of her professors. Under governing federal and state law, this court should defer to the academic judgment of Plaintiff's professors. Hence, it is futile to allow the proposed amendments.

The U.S. Supreme Court has explained that, when reviewing the substance of an academic decision, such as removing a student from an academic program, the court must show great deference to the faculty's academic judgment. *Regents of Univ. of Michigan v. Ewing*, 474 U.S. 214, 225 (1985). Courts may not override the faculty's academic decisions unless there is evidence that the actors deviated substantially from accepted academic norms and "did not actually exercise professional judgment." *Id.*

Herein, Plaintiff does not allege that the professors in question failed to exercise professional judgment. Instead, she refuses to believe that they did and asserts that their decisions were based upon dislike of her and/or her political views. Nevertheless, Professor Solomon's May 21, 2019 letter, which Plaintiff attached to the original complaint, describes how Plaintiff's second,

---

[1] Plaintiff identifies the three professors by name. However, their names are unnecessary for the disposition of Plaintiff's motion.

failing preliminary examination was evaluated.  The three graders did not know Plaintiff's identity and she did not know who graded her submission.  Hence, it was impossible for any professor's knowledge of Plaintiff or her political views to have impacted the evaluation of her submission. In short, the exhibit Plaintiff attached to her original complaint demonstrates that the decisions to fail her a second time and to remove her from the graduate program were based upon the exercise of professional judgment, without indication of deviation from the norm.  Accordingly, this court cannot reexamine those decisions, *Ewing*, 474 U.S. at 225, and the proposed amendment to add proposed Counts IV and V is futile.

Pennsylvania's state courts, likewise, defer to academic judgments of university faculty. *Swartley v. Hoffner*, 734 A.2d 915, 921 (Pa. Super. Ct. 1999) (citing *inter alia*, *Ewing*, 474 U.S. at 225).  Indeed, Pennsylvania courts apply the same standard as in *Ewing*.  *Id.*  Since the Pennsylvania standard is essentially the same as the federal standard, Plaintiff's proposed Count VI, which alleges that a state law tort by the three professors caused her second failure, is also futile.

**B.**      **Proposed Count VII is futile due to Trustees' Lack of  Personal Involvement**

Plaintiff's proposed Count VII alleges that Temple's trustees acted with reckless indifference to her constitutional rights.  Notably, Plaintiff fails to allege any involvement whatsoever of Temple's trustees in the decision not to pass her second preliminary examination. This is a fatal flaw, inasmuch as 42 U.S.C. § 1983 affords no *respondeat superior* liability.  *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) (citing  *Rode v. Dellarciprete*, 892 F.2d 1195, 1207 (3d Cir. 1988)).  Plaintiff must allege personal misconduct by each defendant to establish liability. *Dooley*, 957 F.3d at 374.  Having failed to allege actions of any trustee in the decision to fail

Plaintiff a second time, Plaintiff's proposed Count VII is futile.[2]

### V.      CONCLUSION

The court has considered Plaintiff's proposed amendments and finds that they are barred by the established practice of judicial deference to academic decisions and that Plaintiff has failed to allege the requisite personal involvement by any trustee.   Hence, her proposed amended complaint is futile and her motion is denied.

An implementing Order follows.

---

[2] This reasoning could also support a finding that Counts IV and V are futile.  That is, since Plaintiff does not know which three professors determined that she failed her second preliminary exam, she cannot actually plead personal involvement by the three professors she names in the amended complaint.