**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ATINA KNOWLES | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| TEMPLE UNIVERSITY | : | NO.  20-3513 |

<u>**MEMORANDUM OPINION**</u>

CAROL SANDRA MOORE WELLS
UNITED STATES MAGISTRATE JUDGE                    March 9, 2021

In this civil rights case, Plaintiff alleges that, in violation of her right to due process, she was terminated from Temple University's Philosophy department's doctoral degree program.  On December 3, 2020, I denied Plaintiff's motion to amend her complaint to add additional claims.  Over the past three months, Plaintiff has filed several motions seeking to change that result.  Last month, she filed a motion for me to recuse myself; Defendant has responded to the motion.  In her motion, Plaintiff asserts numerous reasons for seeking my recusal.  Whether I ought to recuse myself is governed by 28 U.S.C. § 455 and caselaw that construes it.  Applying that caselaw, I need not recuse myself.

## I.    THE RELEVANT STANDARDS

Recusal of federal judges is governed by 28 U.S.C. § 455.  Section 455(a), added in 1974 and called the "'catchall' recusal provision", *Liteky v. United States*, 510 U.S. 540, 547, 548 (1994), mandates recusal when the judge's "impartiality might reasonably be questioned."  Section 455(b)(1) also requires recusal if the judge "has personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding."  Although Plaintiff does not identify which of these provisions would require recusal, *see* Pl.'s Mot. to Recuse Magistrate Judge Wells ("Pl. Mot.") at 1-2, sections (a) and (b)(1) appear to be the most germane

to her particular recusal assertions.  *See* Pl. Mot. at 3-10.

A.    **Section 455(a)**

Section 455(a) states:  "Any justice, judge or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." This standard is objective and does not require scienter.  *Liljeberg v. Health Services Acquisition Corp*, 486 U.S. 847, 859 (1988).  Hence, in rare cases, a judge may have to recuse, even if she is not aware of the relevant facts, if an objective observer would believe the judge was aware of the facts creating the appearance of impartiality.  *Id.* at 860.

Yet, in ordinary cases (ones not involving important information the judge did not know but should have known), the U.S. Supreme Court has construed § 455(a) so that a judge cannot be recused because she forms an unfavorable opinion about a litigant during the course of the litigation.  *Liteky*, 510 U.S. at 550-51.  Further, a judge is almost never subject to recusal based upon her decisions in a case; instead, those decisions are subject to review upon appeal.  *Id.* at 555. Judicial rulings, routine judicial administration, ordinary admonishments – even if not legally supportable – are not proper grounds for recusal, unless (a) they were based upon knowledge acquired outside judicial proceedings or (b) "displayed deep-seated and unequivocal antagonism that would render fair judgment impossible."  *Id.* at 556.  As an example of a recusal-worthy degree of antagonism, the U.S. Supreme Court identified the following statement, which was made by the trial judge in a World War I espionage case involving German-American defendants:  "'One must have a very judicial mind, indeed, not [to be] prejudiced against the German Americans' because their 'hearts are reeking with disloyalty.'"  *Id*. (quoting *Berger v. United  States,* 255 U.S. 22, 28 (1921)).

B.      **Section 455(b)(1)**

Section 455(b)(1) is narrower in scope than § 455(a) in that it requires recusal if the judge "has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding."  The U.S. Supreme Court has construed the meaning of the "bias prejudice" clause of this section similarly to § 455(a).  *See Liteky*, 510 U.S. at 549-56.  Hence, the discussion in the previous section applies to that clause as well.[1]  The latter clause has not been construed by the U.S. Supreme Court but its prohibition is clear.

## II.      DISCUSSION

A.      **Plaintiff's Contentions**

Plaintiff contends that I should recuse myself because:  (1) during the November 3, 2020 phone conference, I indicated that the amount of Plaintiff's demand was outrageous and that she would likely be unable to amend her complaint, Pl. Mot. at 3-4; (2) on December 3, 2020, by Memorandum and Order, I denied Plaintiff's motion to amend her complaint, *id.* at 4; (3) on December 14, 2020, I denied Plaintiff's motion to vacate my December 3 Order, *id.* at 5; (4) this court made several statements and decisions unfavorable to Plaintiff during the January 27, 2021 oral argument, to wit (a) telling Plaintiff that her decision to ask that the case be returned to Judge Savage could be construed to mean that Plaintiff did not believe I was qualified to handle her case, (b) denying Plaintiff's motion to amend her complaint, (c) advising Plaintiff that often lawyers are entrusted with the authority to make legal judgments on behalf of their clients, especially to avoid raising baseless claims, (d) telling Plaintiff not to "put words in my mouth," (e) opining that Plaintiff's former attorney may have agreed to withdraw from the case because he did not agree with Plaintiff's proposed amendments to her complaint, (f) deciding to allow Defendant to obtain

---

[1] The principal difference between the two provisions is the parties can waive recusal under § 455(a), but may not waive recusal under § 455(b)(1).  *See* 28 U.S.C. § 455(e).  This case does not present a question of waiver.

access to Plaintiff's tax returns, *id*. at 5-6; (5) on February 3, 2021, this court denied Plaintiff's motion to vacate the decision to allow Defendant access to her tax returns, *id.* at 7; (6) my February 10, 2021 Order which both affirmed the decision to allow Defendant access to Plaintiff's tax returns and would permit Defendant to subpoena Plaintiff's medical records, if she declined to provide Defendant an affidavit which confirmed her oral representation that any claim(s) for physical, mental, or emotional damages was (were) withdrawn.  *Id.* at 7.

**B.     Resolution of Plaintiff's Contentions**

The majority of Plaintiff's alleged bases for recusal concern legal decisions rendered in this case.  *See* Contentions 2, 3, 4(b), 4(f), 5, 6.  These grounds are not proper bases to seek my recusal.  *Liteky*, 510 U.S. at 555.  Instead, they are matters which Plaintiff has preserved and may raise on appeal.  *Id.*

Contention 1 concerns statements Plaintiff alleges I made at the November 3, 2020 telephone conference.  First, contrary to Plaintiff's recollection, I did not tell her that a proposed amendment would fail.  As of November 3, Plaintiff had not yet filed her motion to amend, hence, it was impossible for me to express any opinion concerning whether it might succeed.[2]  Second, I certainly characterized her initial settlement demand of $25 million as excessively high.  As I have consistently advised Plaintiff during discussions of possible resolution of this case, in the past I have resolved several civil rights cases involving disputes with educational institutions; that experience indicates to me that Plaintiff's initial demand is far in excess of what any plaintiff has actually obtained.  Judges are not required to ignore their legal knowledge and judicial experience when deciding cases, *Liteky*, 510 U.S. at 551, 554; hence, recusal is not warranted when a judge shares that knowledge and experience with a litigant.

---

[2] Plaintiff filed her motion to amend on November 6, 2021.  Document No. 16.

Contention 4(a) concerns my telling Plaintiff that her decision to ask that the case be returned to Judge Savage could be construed to mean that Plaintiff did not believe I was qualified to handle her case.  At the January 27, 2021 hearing, Plaintiff confirmed that she did not deem me unqualified but, rather, was confused about where to appeal my decisions.  (N.T. 2/27/21 at 16).  I accepted Plaintiff's explanation and stated that, if this case was not resolved in her favor, she could, after trial, appeal any unfavorable decisions to the Third Circuit.  *Id.* at 16-17.  In context, my statement and reaction to Plaintiff's explanation reveal no antagonism whatsoever toward Plaintiff, let alone the deep-seated antagonism required for recusal.  Hence this contention is not an appropriate basis for recusal.  *Liteky*, 510 U.S. at 556.

Contention 4(c) involves my informing Plaintiff that lawyers are often entrusted with authority to make legal decisions for their clients, including what claims should be pursued.  (N.T. 1/27/21 at 7).  This statement is accurate; Fed. R. Civ. P. 11(b)(2) places a duty on an attorney to avoid presenting claims that are unwarranted under existing law or by nonfrivolous argument to extend, modify, or reverse existing law or establish new law.  Attorney fees or sanctions can attend improper filings.  *See* Fed. R. Civ. P. 11(c).  Hence, this statement does not indicate deep-seated antagonism toward Plaintiff and is not a basis for recusal.  *Liteky*, 510 U.S. at 556.

Contention 4(d) concerns my correcting Plaintiff for mischaracterizing my prior statements.  (N.T. 1/27/21 at 9, 10-11).  First, it is not improper to correct misstatements being placed in the record.  Second, my correction was simply an admonishment of the type ordinarily immune from recusal.  *Liteky*, 510 U.S. at 555-56.

Contention 4(e) concerns my opinion that Plaintiff's former attorney may have withdrawn from the case, as requested, because he disagreed with how Plaintiff wanted to proceed in this litigation.  (N.T. 1/27/21 at 20-21).  Plaintiff corrected the record by explaining that she had fired

her former attorney.  *Id.* at 22.  Ready to move on, I reacted with what could be viewed as annoyance, saying "Whatever.  Whatever."  *Id.*  Nevertheless, any momentary annoyance expressed was acceptable under governing law, *Liteky*, 510 U.S. at 555, and did not arise from an extrajudicial source or reveal a "high degree of . . . antagonism" toward Plaintiff.  *Id.*  Again, recusal is not warranted.  *Id.*

Finally, Plaintiff does not allege that I possess personal knowledge about any disputed evidentiary facts concerning this case.  Hence, there is no basis for recusal under the second clause of § 455(b)(1).

### III.   CONCLUSION

Applying the relevant law, there is no basis for my recusal.  Hence, Plaintiff's motion is denied.  An implementing Order follows.