# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| ATINA KNOWLES | : | CIVIL ACTION |
| --- | --- | --- |
| v. | : | |
| TEMPLE UNIVERSITY | : | NO. 20-3513 |

## MEMORANDUM OPINION

CAROL SANDRA MOORE WELLS
UNITED STATES MAGISTRATE JUDGE　　　　　　　　　　　　　　　　July 7, 2021

　　In this civil rights case, Plaintiff – who is not represented by an attorney – alleges that, in violation of her right to due process, she was terminated from Temple University's Philosophy department's doctoral degree program. This litigation has been contentious. Starting in December 2020, Plaintiff has revealed an unwillingness to accept and comply with this court's Orders. As a result, Defendant has filed a motion to compel Plaintiff to comply with this court's discovery Orders of January 27, 2021 and February 10, 2021. Plaintiff has responded to the motion and it is now ripe for disposition.

## I.　　BACKGROUND

　　On January 27, 2021, this court held a lengthy hearing to address Plaintiff's motion to set aside this court's December 14, 2021 Order; the Order in question had denied Plaintiff's motion to vacate the court's December 3, 2021 Order which had denied Plaintiff leave to amend her complaint. The intended purpose of the January 27 hearing was to allow Plaintiff the opportunity to be voice her concerns about the court's decision not to permit her to amend her complaint. Toward the end of the hearing, the court and the parties also discussed discovery Defendant was seeking from Plaintiff. As a result of the hearing, the court entered an Order (Document No. 27) which denied Plaintiff's then-pending motion to set aside the court's prior orders concerning

amending the complaint. The court noted that its December 3, 2020 Memorandum explained why Plaintiff's proposed amendment was futile and that the arguments she raised at the hearing and in her then-pending motion did not detract from the court's explanation of why the proposed amendment was futile. On January 27, 2021, the court also entered a discovery Order (Document No. 28). That discovery Order required Plaintiff to provide Defendant with a current curriculum vitae and execute an authorization for the IRS to release to Defendant Plaintiff's tax returns from 2010 to the present.

On February 2, 2021, Plaintiff filed a motion to vacate the requirement that she authorize release of her tax records to Defendant. On February 3, 2021, the court denied this motion. On February 8, 2021, Plaintiff filed a motion to set aside the discovery Order (Document No. 28) and to return the case to the district judge who was originally assigned to the case. On February 10, 2021, (Document No. 35), the court ruled on the motion as follows. First, Defendant was not to subpoena Plaintiff's medical records, because Plaintiff had agreed at the January 27, 2021 hearing to withdraw any claim for physical, mental or emotional damages and would provide Defendant with an affidavit confirming same. Plaintiff was afforded a deadline to provide the affidavit. Next, Plaintiff was instructed to sign the authorizations for her tax returns, subject to a confidentiality agreement. Finally, the court noted that the case would remain assigned to the undersigned judge.

On February 15, 2021, Plaintiff filed a motion for the court to recuse itself (Document No. 35) and a motion to vacate the referral order (Document No. 36). On March 9, 2021, the court filed a Memorandum Opinion explaining why it would not recuse itself. On March 16, 2021, the Honorable Timothy J. Savage denied Plaintiff's motion to vacate the referral order.

Next, despite her failure to comply with the court's discovery Orders, on May 17, 2021, Plaintiff filed a motion for enlargement of discovery. On June 9, 2021, the court conducted a

hearing to consider this motion. After the hearing, on June 9, 2021, the court entered an Order (Document No. 49) that granted Plaintiff some of the discovery she requested. The period of discovery, which had already closed, was extended to August 13, 2021, Plaintiff was allowed to depose seven witnesses and Defendant was ordered to provide Plaintiff certain information. The order also authorized Defendant to file a motion to compel Plaintiff to comply with this court's prior discovery Orders; the issue of Plaintiff's non-compliance had been discussed at the June 9, 2021 hearing. As a result, Defendant filed a motion to compel. Plaintiff has responded to the motion. As explained below, Defendant's motion to compel is granted.

## II.  DISCUSSION

Defendant asks this court to compel Plaintiff to comply with discovery Orders previously entered. The court rendered those Orders, Document Nos. 28 and 35, after considering the legal arguments the parties made in their filings and, in the case of Document No. 28, representations the parties made at the January 27, 2021 hearing. As such, Defendant is entitled to presume the legal correctness of those Orders. It is Plaintiff's burden to convince this court that she has some legitimate excuse for failing to comply with the Orders.

In her response to the pending motion, Plaintiff argues that this court erred when ordering her to allow Defendant access to her medical records and tax returns. Many of her arguments are not new, have already been properly rejected by the court and they will not be re-hashed herein. However, Plaintiff has one new argument. She takes the position that *Carey v. Piphus*, 435 U.S. 247 (1978), establishes that she does not need medical records to prove mental and emotional damages. Hence, this court erred when ruling that, if Plaintiff wanted to pursue damages for mental and emotional distress, she would have to allow Defendant access to her medical records. As a result of her understanding of *Carey*, Plaintiff believes she is free to withdraw her January

3

27, 2021 stipulation that she will not pursue said damages.[1] The court will consider this new argument.

*Carey* does not support Plaintiff's argument. Instead, *Carey* establishes the principle that, to be afforded compensatory damages resulting from a violation of federal procedural due process rights, the plaintiff must prove actual injury. *Carey*, 435 U.S. at 262. The case does not purport to define with precision how actual injury, including mental and emotional distress, can, or must, be proven. *See id.* at 262-64. That is, *Carey* does not demonstrate that this court erred when ruling that, **if** Plaintiff refused to provide Defendant access to her medical records, she would have to forgo seeking damages for physical, mental or emotional injury.[2] Since Plaintiff agreed to withdraw said claims, she shall provide an affidavit confirming same.

Defendant's motion to compel is granted. Plaintiff shall provide Defendant with a current curriculum vitae, which identifies her current employer. Failure to do so will result in Plaintiff being precluded from providing any evidence of economic damages. Next, Plaintiff shall provide to Defendant's attorney a signed authorization for the release of her tax returns to Defendant, for the years 2010 to 2020, subject to a confidentiality agreement. Failure to do so will result in Plaintiff being precluded from providing any evidence of economic damages. Finally, Plaintiff shall provide Defendant an affidavit withdrawing any claim for physical, mental or emotional damages. Failure to do so will result in Plaintiff being precluded from providing any evidence of physical, mental or emotional damages.

An implementing Order follows.

---

[1] Plaintiff so stipulated because she did not want to disclose her medical records to Defendant. (N.T. 1/27/21 at 29-32, 40).

[2] The reason for having imposed this option on Plaintiff follows. At trial, Plaintiff might testify that she suffered mental and emotional distress from Defendant's alleged denial of procedural due process. If her medical records showed no treatment for same, Defendant could impeach her testimony with said lack of evidence. While the lack of medical evidence would not conclusively prove that Plaintiff did not suffer mental and emotional distress, it would be relevant information for the fact-finder to consider. *Carey* does not alter this reasoning.