#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ATINA KNOWLES | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| TEMPLE UNIVERSITY | : | NO. 20-3513 |

### MEMORANDUM OPINION

CAROL SANDRA MOORE WELLS
UNITED STATES MAGISTRATE JUDGE                                         September 17, 2021

      In this civil rights case, Plaintiff alleges that, in violation of her right to due process, she was terminated from Temple University's Philosophy department's doctoral degree program. This opinion addresses Plaintiff's motion for Rule 11 sanctions. Defendant has responded to the motion and asserts that Plaintiff should sanctioned under Rule 11 for filing the motion. Plaintiff has responded to Defendant's request that she be sanctioned under Rule 11. As explained, the court denies Plaintiff's motion and cannot sanction Plaintiff.

### I.     THE PARTIES' CONTENTIONS

      Plaintiff seeks to sanction, under Fed. R. Civ. P. 11, Defendant and Defendant's attorneys for: (1) opposing her motion to amend her complain; (2) opposing her motion to revoke the assignment of this case to the undersigned; (3) filing a motion to compel Plaintiff to produce certain records in discovery; (4) filing a discovery sanctions motion against Plaintiff; (5) making an alleged *ex parte* communication with the undersigned on February 12, 2021; (6) attempting to improperly influence the undersigned's decisions; and (7) filing a motion to dismiss in Civil Action 21-475. Pl.'s Mot. to Sanction Def. and Defense Counsel ("Pl. Mot.") at 2. Defendant opposes the motion and asserts that Plaintiff violated Rule 11 by filing it. Def.'s Mem. of Law in Resp. to Pl.'s Mot. for Sanctions ("Def. Resp.") at 2. Plaintiff has responded to Defendant's request that

she be sanctioned largely by asserting that her conduct in filing the motion has been proper. Pl.'s Resp. in Objection to Def.'s Resp. to Pl.'s Mot. for Sanctions ("Pl. Reply") at 1-9.

## II. RULE 11 STANDARD

Rule 11 provides that, by signing any pleading, written motion, or other paper, the attorney or unrepresented party, certifies to the best of that person's knowledge, information and belief that: (1) the filing is not presented for any improper purpose; (2) the claims, defenses and other legal contentions are supported by existing law or a nonfrivolous argument for extending, modifying or reversing law or establishing new law; (3) the factual contentions have evidentiary support, or will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the denials of factual contentions are warranted or are specifically and reasonably based on belief or lack of information. Fed. R. Civ. P. 11(b).

Rule 11 allows a party to seek sanctions against the opposing attorney or party if that attorney or party violated Rule 11(b). Fed. R. Civ. P. 11(c)(2). Before doing so, the moving party must allow the opposing attorney or party 21 days to withdraw the allegedly offending document. Fed. R. Civ. P. 11(c)(2). If the requisite time is not afforded, the motion must be denied. *In re Schafer Salt Recovery, Inc.*, 542 F.3d 90, 99 (3d Cir. 2008). Notably, Rule 11 does not apply to the discovery process, including any discovery motion practice under Rule 26 through 37. Fed. R. Civ. P. 11(d). Furthermore, it is well-established that Rule 11 sanctions are available only "in the exceptional circumstance where the claim or motion is patently unmeritorious or frivolous." *Ario v. Underwriting Members of Syndicate 53 at Lloyds for 1998 Year of Account*, 618 F.3d 277, 297 (3d Cir. 2010) (quoting *Doering v. Union County Bd. of Chosen Freeholders*, 857 F.2d 191, 194 (3d Cir. 1988).

### III. DISCUSSION

Applying the afore-said principles, Plaintiff's motion must be denied. First, Plaintiff's last contention concerns a different lawsuit that is not assigned to the undersigned. Hence, the last contention is not properly before this court. Second, Rule 11 sanctions are not available for discovery or any discovery motion practice. Fed. R. Civ. P. 11(d). Hence, Plaintiff's third and fourth contentions are not viable. Third, Rule 11 sanctions are only available when the attorney or party challenged presents a "patently unmeritorious or frivolous" argument. *Ario*, 618 F.3d at 297. Defendant prevailed when resisting Plaintiff's motion to amend her complaint and Plaintiff's motion to revoke the assignment of this case to the undersigned. This means that Defendant's arguments were meritorious, not "patently unmeritorious or frivolous." Hence, Rule 11 sanctions are not available for Plaintiff's first and second contentions.

Plaintiff also seeks Rule 11 sanctions because she claims that, on February 12, 2021, one of Defendant's attorneys sent an *ex parte* email to the undersigned to bring to the court's attention that Plaintiff had filed a new complaint, which was docketed by Clerk of Court as Civil Action 21-475. This was not an *ex parte* communication because defense counsel copied Plaintiff on the email. Hence, Plaintiff was well aware of defense counsel's communication and had the ability to respond, if she chose. Furthermore, the content[1] of the email did not violate Rule 11(b)(1)-(4); hence, there is no basis to sanction counsel for sending the email.

Finally, Plaintiff asserts that defense counsel have tried to improperly influence the undersigned. As to one lawyer, Plaintiff cites the attorney sending the undersigned a courtesy copy of the response that Defendant filed to Plaintiff's motion to have Judge Savage revoke the referral of this case to the undersigned. Pl. Mot. at 26-27. This assertion is meritless. As is normal,

---

[1] Plaintiff does not quarrel about the content of the email as much as her perception that merely sending the email was sanctionable under Rule 11. Pl. Mot. at 23-25. This is incorrect since the communication was not *ex parte*.

when any document is filed with the caption of this case, the Clerk of Court provides a copy to the undersigned. Hence, this court was aware of Defendant's filing before defense counsel sent it to the court. Sending the courtesy copy to the undersigned was not in any way sanctionable. As to the other attorney, Plaintiff complains that, when Defendant filed its motion for discovery sanctions (Document No. 53), defense counsel disclosed to the undersigned correspondence with Plaintiff wherein Plaintiff, in some cases, disparages the undersigned's decisions in this case. Pl. Mot. at 27-28. As noted, Rule 11 sanctions are not available for discovery motions practice, including seeking discovery sanctions under Rule 37. Fed. R. Civ. P. 11(d). Hence, this last argument fails as well.

Defendant also seeks to sanction Plaintiff for her filings in this case, including her Rule 11 motion. Defendant's motion must fail because Defendant has not demonstrated that it provided Plaintiff with a 21 day safe harbor to withdraw her Rule 11 motion or any of her other filings to which Rule 11 would apply. Absent that, Plaintiff cannot be sanctioned for any of her filings. *In re Schafer Salt Recovery, Inc.*, 542 F.3d at 99.

An implementing order follows.